503 So.2d 417 (1987)
In the Interest of C.S., a Child.
Nos. BP-190, BQ-457 and BQ-458.
District Court of Appeal of Florida, First District.
March 2, 1987.
*418 Barbara Ann Butler, Jacksonville, for appellant.
Eric J. Taylor, Asst. Atty. Gen., Tallahassee, for appellee.
THOMPSON, Judge.
The mother of the child C.S. appeals an order adjudicating him to be dependent on the basis of neglect, and the subsequent orders placing and continuing him in foster care. The state has acknowledged that the initial order adjudicating C.S. dependent is facially insufficient due to its failure to comply with the requirements of § 39.409(3), Fla. Stat. (1985). We agree that the order's insufficiency constitutes reversible error. However, the mother presents other issues which we believe merit discussion.
The initial petition alleged dependency on the basis of neglect in that the mother repeatedly sought unnecessary medical treatment for C.S., refusing to accept the assurances of medical personnel that the three and one-half-month-old infant was healthy; that she could not cope with the child's crying and became hysterical; and that her instability was potentially life-threatening to the infant. An amended petition filed after C.S. was taken into custody added allegations that on four occasions the mother continued to breast feed the child despite the fact that she had been given a prescription for medication which necessitated that she stop nursing, and that during several visitations the mother had become extremely emotional regarding the child's care and "exhibited impaired judgment."
The order adjudicating C.S. to be dependent stated only that "The child is a dependent child because of evidence and testimony adduced at the adjudicatory hearing." As the state has conceded, this finding fails to satisfy the statutory requirement that the court adjudicating a child dependent briefly state the facts upon which the finding of dependency is made. § 39.409(3), Fla. Stat. (1985). This deficiency clearly constitutes reversible error. In the Interest of G.D.H. and A.J.S., 498 So.2d 676 (Fla. 1st DCA 1986).
In addition to the insufficiency of the order itself, we find that the petitions for dependency and the evidence adduced in support thereof fail to present adequate support for a finding of dependency on the basis of neglect. The evidence adduced at the hearing in support of the allegations established that the mother frequently sought medical care for C.S. claiming that he had stopped breathing. No objective evidence of apnea was ever found and the *419 mother acknowledged that she had exaggerated the number of times the baby had stopped breathing because she feared the doctors would lose interest in him after finding no initial evidence of any problem. The testimony also established that on one occasion, while C.S. was still being treated for possible apnea, the mother called the Apnea Clinic, sobbing and hysterical, because she could not get C.S. to stop crying and she was certain something was wrong. As to the allegation that the mother had evidenced life-threatening instability, the testimony established that the mother initially reported to two doctors that she performed cardiopulmonary resuscitation (C.P.R.) or some other form of stimulation on the baby. Neither doctor had any personal knowledge that C.P.R. had been performed, and neither found any objective evidence that it had been administered or that any injury had resulted. One doctor was unsure if the mother had reportedly performed C.P.R., or the type of stimulation taught at the Apnea Clinic which involved patting and shaking the child to stimulate breathing. The mother subsequently recanted her claim that she had performed C.P.R.
The evidence adduced in support of the allegations of the amended petition were that the mother was at some point given a prescription for medication that necessitated that she stop breast feeding C.S., and that she was observed nursing the baby during her supervised visits with him. The type of medication, dosage, risks, date and duration of the prescription were unestablished and no relation was established between the timing of the prescription and dates of the alleged incidents of nursing. The mother explained that she initially took the medication, then discontinued it so that she could continue to nurse the baby. As to the second allegation of the amended petition, the evidence established that while C.S. was in custody the mother was extremely concerned about his care, welfare and health and that she was angry at HRS personnel and distrustful of the care the child was being given. The mother testified that she had been raised in foster homes from the age of seven and that she was frightened that C.S. would be exposed to the same type of unfortunate experience that she had suffered.
None of this evidence is sufficient to support an adjudication of dependency. The testimony falls short of establishing neglect by a preponderance of the evidence. § 39.01(27), Fla. Stat.; § 39.408(2)(b), Fla. Stat.
We are not unmindful of the difficult task faced by the circuit court in this case. The mother unquestionably evidenced over-protectiveness of the infant which resulted in an abuse of the social service agencies and medical facilities involved, and which led her to react impulsively under stressful conditions. The lower court acknowledged the difficulty of the case, noting that the mother truly loves the child and appears genuinely concerned for his well-being. Nevertheless, C.S. was adjudicated a dependent child. This order of adjudication is improper because it fails to set forth the facts upon which it was determined. Even if the order was not facially deficient, the adjudication of dependency could not stand because the allegations of the petition are insufficient and the evidence adduced in support thereof fails to demonstrate neglect by the preponderance of the evidence.
Therefore, the order adjudicating C.S. to be a dependent child is reversed. Because all subsequent orders entered in the case arose out of this improper adjudication of dependency they cannot stand. The order adjudicating C.S. dependent is reversed and the cause is remanded to the circuit court for further proceedings not inconsistent herewith.
REVERSED and REMANDED.
BOOTH, C.J., and MILLS, J., concur.