WENTWORTH, Judge.
The parents of the minor children involved in this case appeal an order by which the trial court adjudicated the children dependent and ordered supervision and counseling for the family. Although the order omits a recitation of the specific facts upon which the determination was based, we find sufficient record support for the adjudication of dependency and therefore affirm.
A petition for determination of dependency of K.S. and K.S. was filed by the Department of Health and Rehabilitative Services (HRS), and an adjudicatory hearing was held in November 1988. The parents were present at the adjudicatory hearing but were unrepresented by counsel. The court adjudicated the children dependent by an order referencing only “the evidence and arguments of counsel.” No transcript of testimony is included in the record on appeal. A dispositional hearing was subsequently held and an order was entered which allowed the children to stay in the custody of their parents and ordered supervision and counseling for the family, but did not recite the specific factual basis for the original adjudication of dependency.
Section 39.409(3), Florida Statutes, provides that when a child is adjudicated dependent the court shall enter an order “briefly stating the facts upon which the finding [of dependency] is made.” This requirement serves “to aid in appellate review of dependency orders,” particularly “where the facts supporting a finding of dependency are less than compelling.” In the Interest of G.D.H., 498 So.2d 676, 678 (Fla. 1st DCA 1986). When a trial court has failed to recite in its order the pertinent facts supporting an adjudication of dependency, and a sufficient factual basis cannot be discerned from a review of the record, reversal may be required. See In the Interest of C.S., 503 So.2d 417 (Fla. 1st DCA 1987).
Appellant argues that the record in this case, which includes pre-dispositional reports filed by HRS and the guardian ad litem, and a report from the Florida Protective Services System, is insufficient to support a finding of dependency. However, appellants do not negate that record evidence. If there was testimony below favorable to the appellants’ cause, the burden of course was on them to ensure that it was made part of the record. Fla.R.App.P. 9.200(e). Because we have no indication that supplementation of the record on ap *159 peal under Rule 9.200(f)(2) is necessary or proper, or that testimony was in fact recorded at the adjudicatory proceeding, our determination of the sufficiency of the factual basis underlying the court’s finding of dependency is confined to a review of those documents which are contained in the record here. See Thomas v. Thomas, 498 So.2d 668 (Fla. 5th DCA 1986). We find the above referenced reports in the record adequate to permit the trial court’s finding of dependency in this case.
The order on appeal is affirmed.
SHIVERS, C.J., and WIGGINTON, J., concur.