561 So.2d 1286 (1990)
John PAQUIN, Sr., Appellant,
v.
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Appellee.
No. 89-1287.
District Court of Appeal of Florida, Fifth District.
May 24, 1990.
*1287 Beverly B. Kennedy of Hood-Matthews & Kennedy, Inverness, for appellant.
Arthur R. Shell, Jr., Gainesville, for appellee.
GOSHORN, Judge.
John Paquin appeals an order finding his three children dependent and enjoining him from any contact with the children. We reverse, in part, for the reasons hereinafter set forth.
A dependency petition was filed alleging that Paquin had abused his eight year old daughter, P.D.P. by fondling and vaginally penetrating her in the presence of his six year old son, J.P. The abuse allegedly occurred while Paquin was exercising visitation with these two children who resided with Paquin's ex-wife. The petition also alleged that P.D.P. and J.P. had seen Paquin fondle his two year old daughter, J.P. At the time Paquin lived with J.P.'s mother.
At the adjudicatory hearing circumstantial evidence of the abuse of P.D.P. was presented through the testimony of her mother that P.D.P. had returned from a Saturday visitation with her clothes on inside out and her underpants in her back pocket. P.D.P. told her mother that Paquin had "stuck his private in her privates." Additionally a pediatric physician examined P.D.P. for the Child Protection Team and testified that his findings were consistent with a history of chronic sexual abuse and that he was of the opinion that there was a high likelihood that P.D.P. had undergone repeated episodes of sexual activity. He further testified there was no evidence of abuse of the two year old, J.P. No evidence of the prospective abuse of J.P. was offered at the adjudicatory hearing. See generally Palmer v. Department of Health and Rehabilitative Services, 547 So.2d 981 (Fla. 5th DCA 1989) (If prospective abuse or neglect is sufficiently well established, parental rights may be terminated).
All three children were adjudicated dependent and the injunction preventing Paquin from having contact with his children was continued. He was denied visitation with any of his children. It is not our function to reevaluate the testimony and evidence and substitute our judgment for that of the trial court as to the weight to be accorded the evidence, and we affirm as to the finding of P.D.P.'s dependency. Shaw v. Shaw, 334 So.2d 13, 17 (Fla. 1976). Further, because there was evidence that the abuse of P.D.P. occurred in the presence of her brother, J.P., we also affirm the finding that he is dependent.
However, no competent evidence was presented that the two year old, J.P., who does not live in the same household with P.D.P. and J.P., had ever been abused, had witnessed any abuse or might be subjected to abuse in the future. Accordingly, the order finding the two year old J.P. dependent is reversed and the injunction preventing Paquin from contact with her is dissolved.
AFFIRMED in part, REVERSED in part.
DANIEL, C.J., and COWART, J., concur.