596 So.2d 520 (1992)
William FIELDER, Appellant,
v.
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Appellee.
No. 91-1429.
District Court of Appeal of Florida, Fifth District.
April 3, 1992.
Richard I. Wallsh of Troum & Wallsh, Winter Park, for appellant.
Patricia A. Savitz, Dept. of Health and Rehabilitative Services, Orlando, for appellee.
COWART, Judge.
The father of two children sexually abused an unrelated minor child in the father's care. Based solely on that conduct the father's natural children were adjudicated dependent, their custody taken from the father, and his visitation rights restricted. The order of dependency was on a form providing for no findings of fact and none were made in the order. We reverse, finding that the evidence before the trial court was legally insufficient to support a finding that the father's natural children were at risk[1] and that the order of dependency failed to state facts to support the conclusion reached as required by section 39.409(3), Florida Statutes, see Luszczyk v. H.R.S., 576 So.2d 431 (Fla. 5th DCA 1991); Williams v. H.R.S., 568 So.2d 995 (Fla. 5th DCA 1990); Sigafoos v. H.R.S., 567 So.2d 1053 (Fla. 5th DCA 1990). See also, In re I.T., 532 So.2d 1085 (Fla.3d DCA 1988); In re D.M.S., 528 So.2d 505 (Fla. 2d DCA 1988); Fitzpatrick v. H.R.S., 515 So.2d 319 (Fla. 3d DCA 1987); In re G.D.H., 498 So.2d 676 (Fla. 1st DCA 1986); In re C.S., 503 So.2d 417 (Fla. 1st DCA 1987). Cf. Castellanos v. H.R.S., 545 So.2d 455 (Fla. 3d DCA 1989) (order tracked the facts in the petition of dependency); Hardy v. H.R.S., 568 So.2d 1314 (Fla. 5th DCA 1990) (order referred to a previous order containing facts).
REVERSED.
HARRIS and DIAMANTIS, JJ., concur.
NOTES
[1] H.R.S., appellee, argues "prospective abuse" citing Palmer v. H.R.S., 547 So.2d 981 (Fla. 5th DCA 1989), cause dis'm., 553 So.2d 1166 (Fla. 1989).