WEBSTER, Judge.
In this juvenile dependency case, appellant seeks review of orders by which his three children were adjudicated dependent children and placed in foster care. Because we conclude that the proceedings in the trial court were fundamentally unfair to appellant, we reverse.
Appellant’s three children were removed from the home and placed in shelter care by the Department of Health and Rehabilitative Services (HRS) on or about October 1, 1991. Detention hearings were held (the transcripts of these hearings are not a part of the record), at which appellant was not represented by counsel. The trial court ordered that the children continue in shelter care.
Section 39.404(3), Florida Statutes (1991), provides that “[w]hen [a] child has been taken into custody, a petition alleging dependency shall be filed within 7 days of the date the child is taken into custody.” Section 39.-408(l)(a), Florida Statutes (1991), provides, in part, that “[w]hen a child has been detained by order of the court, an arraignment hearing shall be held within 14 days from the date the child is taken into custody.” Although the children remained in shelter care, the petition alleging dependency was not *341 filed until December 12, 1991, more than two months after the children had been detained; and the arraignment hearing was not held until December 17, 1991.
The petition alleged that all three children had “been subjected to repeated physical and emotional abuse” by both appellant and his wife, the children's stepmother. At the arraignment hearing, appellant denied the allegations of the petition and requested that the trial court appoint counsel to represent him. The trial court refused even to consider doing so, saying “there’s no requirement for the State to furnish you with a free lawyer.”
In addition to directing that the arraignment hearing be held within fourteen days of the date on which a child is taken into custody by HRS, section 39.408(l)(a) also requires that, when a child is in the custody of HRS, an adjudicatory hearing be held within seven days of the date of the arraignment hearing. Notwithstanding this statutory provision, the adjudicatory hearing in this case was not held until February 1992, some seven weeks after the arraignment hearing; and more than four months after the children had been placed in shelter care. The record contains no explanation for the repeated failure to abide by applicable statutory time constraints.
Appellant appeared for the adjudicatory hearing without counsel. The transcript of that hearing fails to reflect that appellant was again advised of his right to counsel, notwithstanding the provisions of Florida Rule of Juvenile Procedure 8.320; nor does the transcript reflect that appellant waived his right to counsel.
At the adjudicatory hearing, the major portion of the evidence, both oral and documentary, offered by HRS consisted of inadmissible hearsay; much of it double, and some multiple. See, e.g., Hill v. State, 549 So.2d 179 (Fla.1989). See also Charles W. Ehrhardt, Florida Evidence § 805.1 (1993 ed.). Such evidence was critical to proof of the allegations made in the petition. Without it, the trial court could not have reached the conclusion it did. Moreover, evidence of alleged drug use and spouse abuse by appellant was admitted, although such evidence had no relevance whatsoever to any allegation contained in the petition. Appellant repeatedly objected to such evidence, only to have his objections overruled by the trial court.
At the conclusion of the adjudicatory hearing, the trial court announced its conclusion that, “[bjased on the evidence presented,” all three children were dependent children. However, the trial court did not at that time, or in the orders of adjudication and of disposition subsequently entered, recite the “facts” upon which its conclusion was based, as required by section 39.409(3), Florida Statutes (1991). See In the Interest of C.S., 503 So.2d 417 (Fla. 1st DCA1987). Its failure to do so would require this court to resort to speculation to attempt to divine the rationale underlying its conclusion. See In the Interest of G.D.H., 498 So.2d 676 (Fla. 1st DCA1986).
What we said in In the Interest of S.M.B., 597 So.2d 848, 852 (Fla. 1st DCA1992), applies with equal force here:
This case involves what has been recognized as a “fundamental liberty interest”— the right to raise one’s children. Santosky v. Kramer, 455 U.S. 745, 753, 102 S.Ct. 1388, 1394-95, 71 L.Ed.2d 599, 606 (1982); Stanley v. Illinois, 405 U.S. 645, 651, 92 S.Ct. 1208, 1212-13, 31 L.Ed.2d 551, 558 (1972); Padgett v. Department of Health and Rehabilitative Services, 577 So.2d 565, 570 (Fla.1991). In such cases, the courts must be particularly vigilant to ensure that a parent’s rights, procedural and substantive, are not improperly restricted; while, at the same time, protecting children from harm.
Having carefully reviewed the entire record, we are unable to find any material distinctions between the facts of this case and those in In the Interest of S.J.T., 475 So.2d 951 (Fla. 1st DCA1985). Accordingly, as in that ease, we hold that the proceedings in the trial court were fundamentally unfair to appellant and, therefore, deprived him of his right, afforded by both our state and federal constitutions, to due process of law. Accord In the Interest of A.Z., 383 So.2d 934 (Fla. 5th DCA1980).
*342 We reverse the order of adjudication and the disposition order by which the children were placed in foster care, and remand for further proceedings consistent with this opinion. Because the record reflects that appellant and his children have now been separated for nearly two years, we direct the trial court to ascertain whether appellant meets the financial requirements for entitlement to appointed counsel and, if he does, to appoint counsel to represent appellant, upon his request. See In the Interest of D.B., 385 So.2d 83 (Fla.1980).
REVERSED and REMANDED, with directions.
MINER and ALLEN, JJ., concur.