642 So.2d 628 (1994)
D.S., Father of B.S. and D.S., Children, Appellant,
v.
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Appellee.
No. 94-239.
District Court of Appeal of Florida, First District.
September 14, 1994.
Noel G. Lawrence, Jacksonville, for appellant.
Carole A. Vogel, Asst. Dist. Legal Counsel, Dept. of HRS, Jacksonville, for appellee.
PER CURIAM.
The father challenges the trial court's orders adjudicating his two minor children dependent and placing them in the temporary custody of their paternal grandfather. Because no facts are recited in the orders of adjudication or disposition, we must reverse the adjudication of dependency and remand the case for entry of a proper order.
The adjudicatory order states only that "[s]aid child(ren) is a/are dependent child(ren) because the mother stipulated to dependency and the father stipulated thereto." Although the parents consented to a finding of dependency, the rule nevertheless requires that the court "incorporate ... findings of fact specifying the act or acts causing dependency, by whom committed, and facts upon which the findings are based." Fla. R.Juv.P. 8.325(c). Moreover, section 39.409(3), Florida Statutes (1993), provides that where a trial court finds a child dependent "it shall incorporate that finding in an order of adjudication entered in the case, briefly stating the facts upon which the finding is made." See In re D.M.S., 528 So.2d 505 (Fla. 2d DCA 1988). The trial court's failure to include findings of fact to support the *629 dependency adjudication compels us to reverse the adjudication and remand the case for entry of a proper order.
REVERSED and REMANDED for proceedings consistent with this opinion.
BARFIELD, MINER and MICKLE, JJ., concur.