649 So.2d 295 (1995)
C.F., Natural Father of A.S.F., a Child, Appellant,
v.
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Appellee.
B.F., Natural Mother of A.S.F., a Child, Appellant,
v.
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Appellee.
Nos. 94-797, 94-938.
District Court of Appeal of Florida, First District.
January 19, 1995.
Sandra G. Atkins, Panama City, for C.F., appellant.
Richard D. Ogburn, Panama City, for B.F., appellant.
Sherri Denton Lahart, Asst. Dist. Legal Counsel, Dept. of Health and Rehabilitative Services, Panama City, for appellee.
PER CURIAM.
In these consolidated appeals, appellants, the natural parents of A.S.F., challenge findings of dependency of A.S.F. which are predicated on the death of A.S.F.'s younger sibling while in the care of the father, C.F. Both C.F. and B.F., the mother, contend the trial court erred in failing to briefly state the facts supporting the findings of dependency. In addition, they each assert the evidence was insufficient to support the findings of dependency. C.F. also contends the trial court erred in making the finding of dependency with regard to him by clear and convincing evidence. As to appellant B.F., we reverse and remand for a statement of the facts supporting the finding of dependency. As to C.F., we affirm the trial court's order.
First, we reject appellants' argument that the finding of dependency of A.S.F. cannot be predicated upon proof of neglect or abuse of another child, A.S.F.'s sibling. See *296 generally Padgett v. Department of Health and Rehabilitative Services, 577 So.2d 565 (Fla. 1991), and In the Interest of M.T.T., 613 So.2d 575 (Fla. 1st DCA 1993). We also reject C.F.'s argument that the trial court erred in making the finding of dependency as to him by clear and convincing evidence. See generally In the Interest of D.F., 622 So.2d 1102 (Fla. 1st DCA 1993). We also note that "a trial court's determination that evidence is clear and convincing will not be overturned unless it may be said as a matter of law that no one could reasonably find such evidence to be clear and convincing." See In the Interest of D.J.S., 563 So.2d 655, 662 (Fla. 1st DCA 1990).
With regard to appellant B.F., we conclude the trial court erred in failing to set forth in the dependency order a brief statement of the facts upon which the finding of dependency was made. See D.S. v. Department of Health and Rehabilitative Services, 642 So.2d 628 (Fla. 1st DCA 1994); M.P. v. State, Department of Health and Rehabilitative Services, 632 So.2d 1051 (Fla. 2d DCA 1994); In the Interest of T.S., 557 So.2d 676 (Fla. 2d DCA 1990); In the Interest of C.S., 503 So.2d 417 (Fla. 1st DCA 1987). "The rationale behind the requirement that the trial court judge state the facts on which he bases his finding of dependency is to aid in appellate review of dependency orders. The need for such a statement of facts is particularly evident in cases ... where the facts supporting a finding of dependency are less than compelling." In the Interest of G.D.H., 498 So.2d 676, 678 (Fla. 1st DCA 1986). Among other things, the evidence of record shows that B.F. was incarcerated during the events that led to the death of the younger child, with limited means of communicating with C.F.; she saw the child once after the injuries which led to his death; and her husband, the child's father, was a certified nurses' assistant who represented to B.F. that he was taking care of the child's injuries. There was conflicting evidence as to B.F.'s behavior toward the child. It was not sufficient for the trial court simply to state in the order that the allegations of the petition had been proven against B.F. by a preponderance of the evidence.
As to appellant C.F., however, the evidence in the record is overwhelming; thus even though the order was deficient in failing to set forth supporting facts, we affirm the order of dependency as to him. See, e.g., A.T. v. Department of Health and Rehabilitative Services, 490 So.2d 155 (Fla. 1st DCA 1986).
AFFIRMED in part REVERSED in part and REMANDED for further proceedings consistent with this opinion.
ERVIN, JOANOS and MINER, JJ., concur.