661 So.2d 934 (1995)
Dennis DENSON and Clarissa Barnes, Appellants,
v.
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Appellee.
Nos. 94-2735, 94-2782.
District Court of Appeal of Florida, Fifth District.
October 20, 1995.
*935 Frank J. Bankowitz, Orlando, for Appellant Dennis Denson.
Judith B. Friedland, Orlando, for Appellant Clarissa Barnes.
Lee Bernbaum, Department of HRS, Orlando, for Appellee.
W. SHARP, Judge.
Dennis Denson and Clarissa Barnes appeal from an amended order of disposition adjudicating A.B., P.B. and S.D. to be dependent children. Denson is the father of S.D. and T.D.T.D. was adjudicated dependent in 1986 and her dependency is not at issue in this case. Barnes is the mother of A.B., P.B. and S.D. They jointly parented only S.D. The trial court adjudicated the three children dependent based on a finding of "prospective abuse," that is, they were at risk because Denson had sexually abused T.D. We reverse.
A child may be found to be dependent under several circumstances. §§ 39.01(10)(a)-(e), Fla. Stat. (1993). Two of these circumstances include a child who is found:
2(a) To have been abandoned, abused, or neglected by [the] parents or other custodians.
* * * * * *
(e) To be at substantial risk of imminent abuse or neglect by the parent or parents or the custodian.
§ 39.01(10), Fla. Stat. (1993).
A child may be found to be dependent based upon a finding of substantial risk of imminent abuse or neglect as opposed to actual abuse.
Further, a finding of dependency of a child may be based on proof of neglect or abuse of other children. See C.F. v. Department of Health and Rehabilitative Services, 649 So.2d 295 (Fla. 1st DCA 1995); In Interest of M.T.T., 613 So.2d 575 (Fla. 1st DCA 1993). See also Padgett v. Department of Health and Rehabilitative Services, 577 So.2d 565 (Fla. 1991). However, the evidence in these cases must establish that the child is at "substantial risk" of suffering imminent abuse or neglect if left in the custody of the parent. This showing has generally been based on evidence that the abusive or neglectful parent suffers from a condition that makes the prospect of future abuse or neglect of another child highly probable. See Richmond v. Department of Health and Rehabilitative Services, 658 So.2d 176 (Fla. 5th DCA 1995); Palmer v. Department of Health and Rehabilitative Services, 547 So.2d 981 (Fla. 5th DCA 1989), cause dismissed, 553 So.2d 1166 (Fla. 1989).
Where there is no evidence that the child has been abused or neglected and the evidence is insufficient to show that the child is at risk, we have reversed the finding of dependency. See Fielder v. Department of Health and Rehabilitative Services, 596 So.2d 520 (Fla. 5th DCA 1992); Fetters v. Department of Health and Rehabilitative *936 Services, 589 So.2d 959 (Fla. 5th DCA 1991); Paquin v. Department of Health and Rehabilitative Services, 561 So.2d 1286 (Fla. 5th DCA 1990).
In the present case, the trial court found that the risk of prospective abuse was great simply because Denson had abused T.D. However, there was no evidence or expert testimony regarding Denson's mental or emotional condition, or the likelihood that he would abuse the other children. Further, there was no competent evidence that Barnes knew about Denson's abuse of T.D. (not her child), thus allowing a finding that she failed to take steps to protect her own three children. There was evidence that both Denson and Barnes were convicted drug users and that there was domestic violence in the home. However, the trial court made no findings on these matters and adjudicated the children dependent based solely on the sexual abuse of T.D.[1] Since we conclude that this evidence is insufficient to support an adjudication of dependency of the three children involved in this case, we are constrained to reverse.
The dissent accuses us of letting loose a proven molester to prey upon the other children. These children have not been abused by Denson and were adjudicated dependent based solely on the abuse of their half-sibling, T.D. A child may be declared dependent or parental rights terminated based on the sexual abuse of other children but only where there is some reasonable basis in the evidence that the child is likewise at risk. For example, in Palmer, we affirmed the termination of Palmer's parental rights as to his son based on prospective sexual abuse. Palmer, however, had been diagnosed as an untreated pedophile, his prognosis for improvement was poor, and there was substantial expert testimony that the risks were "too high" that Palmer would likewise abuse his son. In the present case, Denson may, in fact, suffer from the same or similar condition but no such evidence was adduced at the hearing. Given this lack of evidence, we have no choice but to reverse.
REVERSED and REMANDED.
THOMPSON, J., concurs.
DAUKSCH, J., dissents with opinion.
DAUKSCH, Judge, dissenting.
I respectfully dissent.
The evidence was quite sufficient to support the determination of the trial judge that it is very likely that these children will suffer the abominable abuse inflicted upon another child by Denson. That child has been taken from him in an earlier case.
The sordid details of the sexual conduct of Denson toward at least one of the children were well established in court and the trial judge had more than the right to call the children dependent, and thus permit protection of them by the court; he had the duty to do so.
For this court to undo what was properly done is to loose upon the children a proven molester to prey upon them as he did the other little girl. The trial judge made the specific written, patently proper, finding that "It would be illogical to deny dependency and wait for these children to be similarly abused before removing them from the home of the abuser." The judge did right by placing them with their maternal grandmother for safekeeping.
I would affirm.
NOTES
[1] The trial court is required to state findings of fact to support the determination of dependency. § 39.409, Fla. Stat. (1993); Fla.R.Juv.P. 8.330(g). See also Ash v. Department of Health and Rehabilitative Services, 649 So.2d 305 (Fla. 5th DCA 1995); In re L.H., 647 So.2d 311 (Fla. 5th DCA 1994); Simons v. Dept. of Health and Rehabilitative Services, 644 So.2d 614 (Fla. 5th DCA 1994); D.S. v. Dept. of Health and Rehabilitative Services, 642 So.2d 628 (Fla. 1st DCA 1994); Ware v. J.N.M., 632 So.2d 716 (Fla. 2d DCA 1994).