PER CURIAM.
R.F. (the Father) appeals the trial court’s order adjudicating his two minor children, M.F. and M.F., dependent following his conviction for attempted sexual battery on a stepdaughter who was under the age of twelve years. Although the Father raises four issues in this appeal, we address only the issue of whether evidence of sexual abuse of one child is sufficient evidence of abuse or neglect of a sibling to support an adjudication of dependency. We answer this question in the affirmative and find no error in the trial court.
The abuse of one child may provide cause for termination of the parental rights or adjudication of dependency as to a sibling if there is a substantial likelihood of future abuse and neglect of the sibling if that child were returned to the parent. See § 39.464(1)(e), Fla. Stat. (1997); Padgett v. Department of Health & Rehabilitative Servs., 577 So.2d 565, 571 (Fla.1991). In cases involving sexual abuse, the Third District has found the act of sexual abuse of a child sufficient in itself to establish a substantial likelihood of future abuse and neglect of a sibling. See E.B. v. Department of Children & Family Servs., 733 So.2d 1145, 1146 (Fla. 3d DCA 1999). However, the Fifth District has required additional evidence of a likelihood that the parent will similarly abuse the other children. See, e.g., Eddy v. Department of Children & Family Servs., 704 So.2d 734, 736 (Fla. 5th DCA 1998) (“Additional evidence such as testimony from a mental health specialist that the parent or custodian suffers from an untreatable problem would provide the nexus between the prior abuse and the allegation of prospective abuse.”); Denson v. Department of Health & Rehabilitative Servs., 661 So.2d 934, 936 (Fla. 5th DCA 1995); Palmer v. Department of Health & Rehabilitative Servs., 547 So.2d 981, 984 (Fla. 5th DCA 1989).
In this case, the only evidence the Department of Children and Families presented to support an adjudication of dependency as to M.F. and M.F. was a copy of the Father’s conviction for sexual abuse of the stepdaughter. We adopt the holding of the Third District that this evidence alone is sufficient to support an adjudication of dependency as to M.F. and M.F. This holding is supported by studies showing that the act of sexual abuse itself provides evidence of a likelihood of sexual abuse of other children. See generally Robert Teir & Kevin McCoy, Approaches to Sexual Predators: Community Notification and Civil Commitment, 23 New Eng. J. on Crim. & Civ. Confinement 405, 408 (1997) (discussing the recidivism rate among child molesters); M.C. Henderson & S.C. Kalichman, Sexually Deviant Behavior and Schitzotypy: A Theoretical Perspective with Supportive Data, 61 Psychiatric Q. 273, 273 (1990). We recognize that our holding today is in direct conflict with the Fifth District and certify conflict accordingly.
Affirmed.
THREADGILL, A.C.J., and PARKER and SALCINES, JJ., Concur.