PER CURIAM.
In this dependency action, the trial judge declared M.L. a dependent child based in part on the holding of In the Interest of M.F. and M.F. v. Florida Department of Children and Families, 742 So.2d 490, 491 (Fla. 2d DCA 1999), which states that a court can adjudicate a father’s natural children dependent based solely upon the father’s conviction for sexual abuse of another child. Because the supreme court has recently disapproved of this reasoning, we vacate the order and remand for further proceedings. See In the Interest of M.F. and M.F. v. Fla. Dep’t of Children and Families, 770 So.2d 1189, 1194 (Fla.2000) (“A simple showing by DCF that a parent committed a sex act on one child does not by itself constitute proof that the parent poses a substantial risk of imminent abuse or neglect to the child’s sibling, as required by statute. While the commission of such an act may be highly relevant, it is not automatically dispositive of the issue of dependency. A court instead should focus on all the circumstances surrounding the petition in each case.”) (citation and footnote omitted).
On remand, the trial court must follow the dictate of M.F. by focusing on all circumstances relevant to the welfare of *340 the minor. We do not pass on the evidence concerning such circumstances, because the order before us is limited to the father’s prior sex acts involving other children.
VACATED and REMANDED.
ERVIN and KAHN, JJ., concur. MINER, J., concurs and dissents with opinion.