MINER, J.,
concurring and dissenting.
While I agree with the majority’s interpretation of the Supreme Court’s decision in In the Interest of M.F. and M.F. v. Florida Department of Children and Families (citation omitted), and its observation that the trial court framed its dependency order somewhat narrowly, my review of the relatively short record before us persuades me that the evidence adduced at the dependency hearing is more than sufficient to support the trial court’s dependency order as to both parents. Accordingly, I do not believe that remand for further proceedings is required and would affirm the order on appeal.
Section 39.507(6), Florida Statutes (1999) requires the trial court to briefly state the facts upon which the finding of dependency is made[1]. Such requirement in a dependency.adjudication order serves to aid an appellate court in its review of that order. However, even though such facts are scant or may be omitted, a dependency order can be affirmed when there is sufficient evidence in the record to support it. See In the Interest of K.S., 558 So.2d 158 (Fla. 1st DCA 1990). See also C.F. v. Department of HRS, 649 So.2d 295, 296 (Fla. 1st DCA 1995) (“[E]ven though the order was deficient in failing to set forth supporting facts, we affirm the order of dependency”).
While the statement of supporting facts in the dependency order in the instant case could and perhaps should have been more extensive, I would not disturb the trial court’s finding of dependency.

. This requirement has remained unchanged since it was first enacted in 1989. See § 39.409(3), Fla.Stat. (1989).