DAVIS, Judge.
C.G. challenges the circuit court order finding his daughter, F.G., dependent. He argues that evidence that he sexually abused his granddaughter, A.C., is insufficient by itself to support a finding that his daughter is at risk. Pursuant to the Florida Supreme Court’s recent pronouncement in In re M.F., 770 So.2d 1189 (Fla.2000), we agree. Accordingly, we reverse and remand for further consideration.
On November 8, 1999, the Department of Children and Families filed a petition seeking the trial court’s adjudication of dependency as to F.G., the six-year-old adopted daughter of C.G. The petition alleged that C.G. had sexually abused his fourteen-year-old granddaughter, A.C., thereby putting F.G. at risk. Following a non-jury trial, the trial court concluded that the Department had proved the allegation of sexual abuse of the granddaughter and entered its order adjudicating F.G. dependent. Although C.G. challenged this allegation, the trial court’s finding is supported by competent, substantial evidence, and we affirm as to this issue. However, the only finding in the record that F.G. was at risk was the finding that C.G. had abused A.C.
After the entry of the dependency order, the Florida Supreme Court issued its opinion in M.F., 770 So.2d at 1194, holding that:
A simple showing by DCF that a parent committed a sex act on one child does not by itself constitute proof that *1055 the parent poses a substantial risk of imminent abuse or neglect to the child’s sibling, as required by the statute. While the commission of such an act may be highly relevant, it is not automatically dispositive of the issue of dependency. A court instead should focus on all the circumstances surrounding the petition in each case.
(Emphasis in original.) (Citation omitted.) The supreme court further stated that other factors to be considered include “[a]ny similarity between the prior act and the pending case; the temporal proximity of the prior act to the pending case; any treatment received by the parent following the act; and the testimony (if appropriate) of professionals and experts.” Id. at 1194 n. 13.
Since the trial court’s order is limited to the finding that C.G. abused the other child, we must reverse. However, because the trial court limited its written order to this now-insufficient reason, we do not know what consideration, if any, might have been given these other factors. Accordingly, we remand to the trial court for further consideration. See W.L. v. Dep’t. of Children & Family Servs., 776 So.2d 339 (Fla. 1st DCA 2001).
Reversed and remanded.
PATTERSON, C.J., and PARKER, J., concur.