901 So.2d 277 (2005)
P.H., Father of A.H., A Child, Appellant,
v.
DEPARTMENT OF CHILDREN AND FAMILIES, Appellee.
No. 5D04-2224.
District Court of Appeal of Florida, Fifth District.
April 29, 2005.
Ryan Thomas Truskoski, of Ryan Thomas Truskoski, P.A., Orlando, for Appellant.
Charles D. Peters, Orlando, for Appellee.
SHARP, W., J.
P.H., the father of A.H., appeals from the order of the trial court which found A.H. was dependent as to the father but withheld adjudication of dependency. This court has jurisdiction pursuant to Florida Rule of Appellate Procedure 9.030(b)(1)(A).[1]
The record in this case reflects that the father and the child's mother (A.H.'s primary residential parent) have been involved in ongoing visitation problems since their divorce. The Department charged the father with abuse primarily on the basis of his alleged drinking problem and threatening behavior toward A.H. At the conclusion of the adjudicatory hearing, the judge found the Department had proven its allegations against the father by a "very, very, very narrow margin."
*278 The Department drafted a proposed order which contained findings that the father has caused emotional injury to A.H. by his abusive acts and adjudicated A.H. dependent. The father objected to the adjudication of dependency, arguing that an adjudication could hamper his ability to maintain employment. The Department agreed to a withholding of adjudication of dependency.
The father also disputed the findings of fact in the proposed order. The judge crossed through these findings and wrote that she was incorporating by reference her findings made at the adjudicatory hearing.
On appeal, the father contends this order is legally insufficient because it does not contain any findings and does not state the legal ground for the finding of dependency. Fla. R. Juv. P. 8.330(g).[2] The Department concedes the order is insufficient and the cause must be remanded for a proper order.[3]
Accordingly, we remand for the entry of an order setting forth the court's findings of fact and the legal basis for the finding of dependency. We will review the sufficiency of the evidence after we have received this order.
REVERSED and REMANDED.
GRIFFIN and PALMER, JJ., concur.
NOTES
[1] See R.B. v. Department of Children and Families, 799 So.2d 441 (Fla. 5th DCA 2001); F.R. v. Department of Children and Families, 763 So.2d 478 (Fla. 5th DCA 2000).
[2] Florida Rule of Juvenile Procedure 8.330(g) provides:

Findings and Orders. In all cases in which dependency is established, the court shall enter a written order stating the legal basis for a finding of dependency, specifying the facts upon which the finding of dependency is based and stating whether the court made the finding by a preponderance of the evidence or by clear and convincing evidence.
[3] We reject the Department's argument that the court on remand must adjudicate dependency because, among other reasons, the Department specifically agreed to the withholding of adjudication.