471 So.2d 543 (1985)
In the Interest of T.S., a Child, Appellant,
v.
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Appellee.
No. BA-215.
District Court of Appeal of Florida, First District.
March 14, 1985.
Rehearing Denied June 14, 1985.
H. Stephen Pennypacker, Gainesville, for appellant.
James A. Sawyer, Jr., Dist. III Legal Counsel, Gainesville, for appellee.
PER CURIAM.
Appellant appeals from an order permanently terminating her parental rights as natural mother of T.S., a minor child. We reverse the final judgment because it contains insufficient findings of fact to support a permanent commitment. The petition for permanent commitment alleged three statutory grounds: (1) appellant had abandoned T.S.; (2) appellant had failed to comply substantially with the performance agreement; and (3) appellant had neglected T.S. However, the trial court did not specifically find that appellant had abandoned or neglected T.S., nor did it set forth findings of fact which would constitute abandonment or neglect as defined in Sections 39.01(1) and 39.01(27), Florida Statutes (1983).[1] Furthermore, the final judgment merely implies that appellant failed to comply substantially with the performance agreement. The order sets forth legal conclusions without the necessary supporting factual findings. In Interest of A.B., 444 So.2d 981 (Fla. 1st DCA 1983). Accordingly, we reverse the cause and remand for a new hearing, with the record to be made at the expense of the State. Rule 8.220(e), Florida Rules of Juvenile Procedure, provides:
A record of the testimony in all hearings shall be made by an official court reporter, a court approved stenographer, or by a recording device. The record shall be preserved until the time for taking an appeal has expired. Testimony shall be transcribed only upon order of the court.
*544 In the case here, no record was made, contrary to the requirement of Rule 8.220(e), Florida Rules of Juvenile Procedure. If it becomes necessary, after remand, to transcribe the record, it will be done so only upon order of the court, pursuant to Rule 8.220(e), and the court will determine which party has the responsibility for cost of such transcription.
Reversed and remanded for further proceedings consistent herewith.
BOOTH, SHIVERS and ZEHMER, JJ., concur.

ON MOTION FOR REHEARING
PER CURIAM.
In our opinion, we reversed the cause because the order did not contain sufficient findings of fact to support permanent commitment. Since this court was advised that no record had been made, a new hearing was ordered. On motion for rehearing, appellee has now informed this court that, contrary to the parties' assertions at oral argument, the proceedings were, in fact, tape-recorded but never transcribed. Therefore, since there does indeed exist a record of the final hearing, we modify our opinion to the extent that a new hearing is not required, but that the trial court, upon examination of the record of the final hearing, shall enter a final judgment containing the appropriate factual findings. Motion for rehearing is granted to the extent indicated, but is otherwise denied.
BOOTH, SHIVERS and ZEHMER, JJ., concur.
NOTES
[1] Section 39.01(1), Florida Statutes (1983), defines "abandoned" as follows:

"Abandoned" means a situation in which a parent who, while being able, makes no provision for the child's support and makes no effort to communicate with the child for a period of 6 months or longer. If a parent's efforts to support and communicate with the child during such a 6-month period are, in the opinion of the court, only marginal efforts that do not evince a settled purpose to assume all parental duties, the court may declare the child to be abandoned.
Section 39.01(27), Florida Statutes (1933), defines "neglect" as follows:
"Neglect" occurs when a parent or other legal custodian, though financially able, deprives a child of, or allows a child to be deprived of, necessary food, clothing, shelter, or medical treatment or permits a child to live in an environment when such deprivation or environment causes the child's physical, mental, or emotional health to be significantly impaired or to be in danger of being significantly impaired.