490 So.2d 155 (1986)
In the Interest of A.T. and T.T., Children, Appellants,
v.
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Appellee.
No. BJ-378.
District Court of Appeal of Florida, First District.
June 13, 1986.
Rehearing Denied July 17, 1986.
*156 Elwin R. Thrasher, Jr., Tallahassee, for appellants.
John L. Pearce, Dept. of Health and Rehabilitative Services, Tallahassee, for appellee.
James M. Ervin, Jr. & Paula A. Monopoli, Holland & Knight, Tallahassee, for guardian ad litem.
PER CURIAM.
This appeal is from a final judgment adjudicating A.T. and T.T. dependent children and permanently committing them to the Department of Health and Rehabilitative Services for adoption. We affirm.
Appellants, the children's parents, raise three issues on appeal. We find only one issue merits discussion and therefore decline to discuss the other two issues.
Appellants contend that the findings in the order as set forth by the circuit court[1] do not comply with Rule 8.810(d)(2), Florida Rules of Juvenile Procedure, requiring that a final order granting a petition for permanent commitment include "[a] statement of facts on which the court bases its order." We are of the view that the findings as recited in the order are not sufficient to comply with the rule. One reading the order cannot determine therefrom the transactions, occurrences, events, and specific failures on the part of the parents that gave rise to the need to deprive them permanently of their children and place the children for adoption. Such a determination is impossible from a review of the order before us as its findings of fact are phrased almost entirely in the language of Sections 39.01(27) and 39.41(1)(f), Florida Statutes.
Despite the deficiency in the findings, we nevertheless affirm, given the overwhelming evidence supporting permanent commitment, as well as the need for an early resolution of this case in order to provide a stable emotional environment for the children.[2]
*157 In so concluding, we observe that this case is distinguishable from In the Interest of T.S., 471 So.2d 543 (Fla. 1st DCA 1985), where we found a judgment of permanent commitment insufficient because the findings recited therein did not specifically state that appellant had abandoned or neglected the child, but merely implied that she had failed to comply substantially with the performance agreement.
AFFIRMED.
ERVIN, THOMPSON and ZEHMER, JJ., concur.
NOTES
[1] The circuit court made the following findings of fact in its Judgment of Permanent Commitment:

That Said children are dependent due to the fact that both the mother ... and the father ... have neglected said children; placing said children on April 13, 1984, with the Florida Department of Health and Rehabilitative Services and who has though financially able deprived said children of adequate care, nutrition, shelter and medical treatment and permitted said children to live in an environment where deprivation caused the children's physical and emotional health to be in danger of being significantly impaired.
That the father ... and the mother ... have failed upon expiration of a Performance Agreement entered into under Statute 409.168 to comply substantially with said Agreement.
And the Court further finding that it is manifestly in the best interest of said children to permanently commit said children to the agency hereinafter named for subsequent adoption... .
[2] Section 39.41(1)(f), Florida Statutes, provides for permanent commitment:

[I]f the court finds that it is manifestly in the best interests of the child to do so, and:
1. If the persons served with notice under subsection (4) fail to respond to the notice as provided in paragraph (4)(d); or
2. If the parent or parents have voluntarily executed a written surrender of the child before two witnesses and a notary public or other officer authorized to take acknowledgments; or
3. If the court finds by clear and convincing evidence, at a hearing applying the rules of evidence in use in civil cases, that:
a. The parent or legal custodian or, in the absence of the parent or legal custodian of the child, the person responsible for the child's welfare has abandoned the child for a period of 6 months or longer prior to the filing of the petition for permanent commitment or has abused or neglected the child; or
b. The parent or parents of the child have failed, upon the expiration of a performance agreement entered into or of a plan for permanent placement submitted to and approved by the court under s. 409.168, to comply substantially with such agreement or plan. If the court finds that the failure to comply with the performance agreement or plan is the result of conditions beyond the control of the parent or parents, such failure shall not be used as a ground for permanent commitment.