ERVIN, Judge.
This is an appeal from an order of permanent commitment terminating parental rights. The order appealed from is reversed and the case remanded for further proceedings due to the order’s failure to make a finding of abuse, abandonment or neglect.
The trial court’s order is based primarily on the mother’s failure to comply with a performance agreement. The order was issued prior to the opinion of the Florida Supreme Court in In the Interest of R.W., 495 So.2d 133 (Fla.1986), in which the court held that termination of parental rights based solely upon a violation of a performance agreement was unconstitutional.
While there is evidence in the record regarding the mother’s prospective neglect of T.D. due to schizophrenia, the order contains no finding of neglect by the mother consistent with the clear and convincing evidence standard.[1] Contrast In the Interest of A.T., 490 So.2d 155 (Fla. 1st DCA 1986), affirming an order of permanent commitment, despite the failure of the trial court to include a statement of the facts upon which it based its order. Unlike the order before us, the A.T. order included a specific finding of neglect.
5. The Court finds that in addition to the lack of significant progress in complying with the Performance Agreement, the mother is suffering from an apparent mental illness which could interfere with her care of the child, as witnessed by her interjections at this hearing, which statements by her were irrelevant, improbable and incomprehensible by this Court.
We therefore reverse the order directing the child’s permanent commitment, and remand the cause for further proceedings by the trial court to determine first, whether there exists abuse, abandonment or neglect by clear and convincing evidence, and, if so, whether there should then be a termination of parental rights. We defer to the discretion of the trial court to decide if such determination can be made on the existing record, or whether a new hearing is necessary. We find the second issue raised by the mother is without merit and decline to discuss it.
REVERSED AND REMANDED for further proceedings.
NIMMONS and BARFIELD, JJ., concur.

. The court made the following finding of fact regarding the mother’s mental condition: