515 So.2d 319 (1987)
Celeste FITZPATRICK, Appellant,
v.
The STATE of Florida, DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Appellee.
No. 86-942.
District Court of Appeal of Florida, Third District.
November 10, 1987.
*320 John H. Lipinski, Maria Lipinski, Miami, for appellant.
Robert A. Butterworth, Atty. Gen., and Eric J. Taylor, Asst. Atty. Gen., for appellee.
Before BASKIN, FERGUSON and JORGENSON, JJ.
PER CURIAM.
Celeste Fitzpatrick, the mother of E.G., appeals from a final order of the juvenile division of the circuit court adjudicating E.G. dependent and placing him under the protective supervision of the Department of Health and Rehabilitative Services [HRS] in the temporary custody of his maternal aunt. We remand the cause to the trial court with directions to enter a final judgment containing the appropriate factual findings.
The petition for dependency filed by HRS alleged that Fitzpatrick suffered from emotional problems which prevented her from providing adequate care for E.G.; that Fitzpatrick periodically left E.G. with various relatives without making arrangements for his care; that Fitzpatrick's husband (E.G.'s stepfather) had beaten E.G. in the past and that Fitzpatrick had failed to protect E.G. from his stepfather. Following an adjudicatory hearing, the trial court found that E.G. was dependent. The trial court adopted, on the record, the report and recommendation of HRS. The trial court failed to state the facts supporting its finding of dependency as required by statute. Section 39.409(3), Florida Statutes (1985), provides:
(3) If the court finds that the child named in a petition is dependent, but shall elect not to proceed under subsection (2), it shall incorporate that finding in an order of adjudication entered in the case, briefly stating the facts upon which the finding is made, and the court shall thereafter have full authority under this chapter to provide for the child as adjudicated. (Emphasis added.)
In the instant case, the trial court erred in simply resolving the petition without making the necessary factual findings.
Fitzpatrick claims on appeal that the evidence was insufficient to support an adjudication of dependency. We are unable to evaluate the merits of Fitzpatrick's claim. The record, the petition, and the order adjudicating E.G. dependent do not reveal the theory upon which E.G.'s dependency was predicated. The order fails to disclose what specific incidents or failures on the part of Fitzpatrick prompted the trial court to grant the petition for dependency. From the petition itself, it is unclear whether HRS was proceeding on a theory of abandonment, abuse, or neglect as defined in sections 39.01(1), 39.01(2), 39.01(27), Florida Statutes (1985). The record also lacks the HRS report upon which the trial court based its conclusion. Without the benefit of these materials, we cannot begin to address the merits of an appeal involving such a critical matter as the dependency of a child.[1] Indeed, the paramount consideration in cases of child dependency is the welfare and best interest of the child. Yem v. State, Dept. of Health & Rehabilitative Servs., 462 So.2d 1147, 1149 (Fla. 3d DCA 1984); In the Interest of J.L.P., 416 So.2d 1250, 1252 (Fla. 4th DCA 1982). We are not prepared to address the propriety of removing E.G. *321 from his mother's custody without a complete record before us.
"The rationale behind the requirement that the trial judge state the facts on which he bases his finding of dependency is to aid in appellate review of dependency orders. The need for such a statement of facts is particularly evident in cases such as the one at bar, where the facts supporting a finding of dependency are less than compelling." In the Interest of G.D.H. & A.J.S., 498 So.2d 676, 678 (Fla. 1st DCA 1986). See In the Interest of T.S., 471 So.2d 543 (Fla. 1st DCA 1985) (final judgment granting petition for permanent commitment of child to HRS for adoption reversed and remanded where judgment lacked sufficient findings of fact). We are mindful that an appellate court may nonetheless review a facially insufficient dependency order to provide an early resolution of a child's placement. See In the Interest of C.S., 503 So.2d 417 (Fla. 1st DCA 1987) (despite deficiency of order adjudicating child dependent due to lack of factual findings, order reversed where petition and evidence failed to present adequate support for finding of dependency based upon neglect); In the Interest of A.T. & T.T., 490 So.2d 155 (Fla. 1st DCA 1986) (order of commitment permanently placing child with HRS for adoption upheld despite insufficient statement of facts in order where record contained overwhelming evidence supporting permanent commitment). However, where the evidence is conflicting as in this case, the more prudent course is to permit the trial court to make factual findings.
For this reason, we remand the cause to the trial court with directions to enter a final judgment with appropriate factual findings regarding whether there exists abuse, abandonment, or neglect of E.G. by Fitzpatrick.
Remanded.
NOTES
[1] The state has not favored this court with a brief, nor has it in compliance with Florida Rule of Appellate Procedure 9.410 favored this court with a memorandum of points and authorities in support of its position. We confess we are completely baffled that the state, which has brought the dependency proceedings below, has utterly failed to provide this court with any assistance in resolving the issues presented by the appellant mother.