975 So.2d 622 (2008)
M.F., the Father, Appellant,
v.
DEPARTMENT OF CHILDREN AND FAMILIES, Appellee.
No. 4D07-3741.
District Court of Appeal of Florida, Fourth District.
March 5, 2008.
*623 Richard B. Kaplan of the Law Offices of Richard B. Kaplan, P.A., Fort Lauderdale, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Jeffrey P. Bassett, Assistant Attorney General, Fort Lauderdale, for appellee.
PER CURIAM.
M.F., the father, appeals the trial court's adjudication of dependency with respect to his three children, A.F., W.F., and Ma.F. The Department of Children and Families ("the department") initiated dependency proceedings when M.F.'s daughter, A.F., was born cocaine-positive and the mother tested positive for cocaine at A.F.'s birth.[1] M.F. did not consent to the adjudication of dependency and this case proceeded to trial. The father argues on appeal that the evidence was insufficient to support the adjudication of dependency. We agree and reverse.
The department alleged three grounds for dependency as to the father: (1) the father neglected the minor children by failing to protect them from the mother's ongoing substance abuse problem, which impairs her ability to adequately care for and supervise the children; (2) the children are presently at risk of imminent neglect based upon the father's failure to protect the children from the mother; and (3) the children are presently at risk of imminent neglect based upon the father's own drug use. See § 39.01(14)(a), (f), Fla. Stat. (2007); § 39.01(43), Fla. Stat. (2007). The department has the burden of proving that the children are dependent by a preponderance of the evidence. § 39.507(1)(b), Fla. Stat. (2007).
*624 In the Order of Adjudication of Dependency of A.F., W.F., and Ma.F., the trial court made the following findings:
1. The father . . . has subjected . . . [all three children] to risk of harm as defined in Chapter 39 of the Florida Statutes.
2. The Court finds that the minor child [A.F.] tested positive for cocaine at birth.
3. The Court finds that the father admits that he has daily contact and responsibility for the child, and the court finds it hard to believe that [t]he father did not know that the mother was using drugs particularly when the court considers the uncontroverted testimony that there was no prenatal care.
4. The Court also finds that the father presented at the hospital with slurred speech and impaired physical motor skills.
The trial court's finding of dependency is a mixed question of law and fact and will be upheld "`if the court applied the correct law and its ruling is supported by competent substantial evidence in the record.'" C.A. v. Dep't of Children & Families, 958 So.2d 554, 557 (Fla. 4th DCA 2007) (quoting R.S. v. Dep't of Children & Families, 881 So.2d 1130, 1132 (Fla. 4th DCA 2004) (citation omitted)). Although a trial court has broad discretion in child welfare proceedings, "`reversal is required where the evidence is legally insufficient to sustain the findings of the trial court.'" Id. (quoting R.S., 881 So.2d at 1132).
A. Whether The Father Neglected A.F. By Failing To Protect Her From The Mother's Substance Abuse
In order to support a finding that the father actually neglected A.F. by failing to protect her from the mother's substance abuse, the department had the burden of proving by a preponderance of the evidence that (1) the father knew about the mother's drug use, and (2) he was capable of preventing the child's exposure, but failed to do so.[2]See C.A., 958 So.2d at 560.
In C.A., we held that the father's knowledge of the mother's substance abuse was insufficiently established where the testimony showed that the parents had used drugs together in the past, but the husband testified that he did not know the mother was still doing drugs, and the department did not present any evidence to refute that testimony. Id. Similarly, in the present case, the department did not put forth any evidence to counter the father's testimony that he did not know the mother was using drugs while pregnant. The father's testimony that he was present in the home on a regular basis may raise an inference of knowledge but does not contradict his testimony that he did not know the mother was using cocaine while pregnant. Furthermore, we find that the absence of prenatal care is not determinative of either the father's knowledge of the mother's drug use, or the father's ability to prevent the mother's drug use.
*625 B. Whether The Father's Drug Use Placed The Children At Risk Of Imminent Neglect
The department alleged that the older children were at substantial risk of imminent neglect because the father failed to protect newborn A.F. from the mother's drug use, and also because the father has a "long history consisting of several drug possession and aggravated battery charges" that threatens to harm all of the children. Because we hold that the department has not put forth competent, substantial evidence sufficient to establish the elements of a failure to protect claim with respect to A.F., we will address only the department's claim of imminent neglect of the three children based upon the father's own drug use.
To prove that a child is at risk of imminent neglect, the department must put forth "competent, substantial evidence that . . . neglect is `impending and about to occur.'" C.A., 958 So.2d at 560 (quoting J.B., III v. Dep't of Children & Families, 928 So.2d 392, 395 (Fla. 1st DCA 2006)). To support an adjudication of dependency where a parent's substance abuse problem poses a substantial risk of imminent harm, the department must show (1) that the parent has an ongoing substance abuse problem, (2) that it adversely affected his ability to care for the child, and (3) that the child suffered harm or injury  physical, mental or emotional  as a consequence of the parent's drug use.[3]Id. at 560-61; R.S. v. Dep't of Children & Families, 881 So.2d 1130, 1134 (Fla. 4th DCA 2004) (holding that dependency was improper where there was a showing of prior drug use, but the department failed to show that the substance abuse was an ongoing problem, that the parent used the controlled substance around the children, or that the children were adversely affected by the parent's use of the controlled substance); B.C. v. Dep't of Children & Families, 846 So.2d 1273, 1275 (Fla. 4th DCA 2003) (holding that dependency was improper where a father was shown to have a substance abuse problem, but there was no showing that the father's alcohol and drug use adversely affected his ability to meet the child's needs and no showing of physical, mental, or emotional harm to the child). It is not necessary to show that the child was present for the parent's drug use, but the totality of the circumstances must show an imminent risk of harm. C.A., 958 So.2d at 560-61. Furthermore, the parent's harmful behavior must be a "present threat" to the child. J.B.M. v. Dep't of Children & Families, 870 So.2d 946, 949 (Fla. 1st DCA 2004) (citing B.C., 846 So.2d at 1274).
In determining whether a substance abuse problem is "ongoing," and constitutes a present threat, a factor to consider is the proximity in time between an alleged act of drug use and the dependency proceeding. See, e.g., J.B.M., 870 So.2d at 949; R.S., 881 So.2d at 1134. The department elicited testimony that the father was previously arrested on drug possession charges, but did not present specific information regarding the details of the possession charges and, significantly, how long ago those charges were issued. In addition to the prior offense, the department established that the father recently *626 tested positive for cocaine use. Whereas the recent failed drug test established the father's present drug use, in order to establish that it placed the children at risk of imminent harm, the department must also show that the father's drug use affected his ability to parent. C.A., 958 So.2d at 560; R.S., 881 So.2d at 1134; B.C., 846 So.2d at 1275.
The department presented no evidence that the father used drugs in the presence of the children or that his drug use adversely affected the children or had an adverse effect on his ability to parent.[4] "While it is not necessary to show [the child] was present for the parents' alleged drug use, the totality of the circumstances must show an imminent risk of harm is created by the actions of the parent(s)." C.A., 958 So.2d at 560. Here, the father testified that he never used any illicit drugs in the presence of his children; that he provided the children with food, shelter, and clothing; and that the children are physically well, have no behavioral issues, and are attending and doing well at school. By failing to refute that testimony, the department failed to establish that the father's drug use placed the children at risk of imminent neglect.
Reversed.
STONE, STEVENSON and TAYLOR, JJ., concur.
NOTES
[1] The mother consented to dependency as to her four children, three of whom are M.F.'s children, and settled with the department.
[2] "Neglect" is statutorily defined in section 39.01(43), Florida Statutes (2007), as:

when a child is deprived of, or is allowed to be deprived of, necessary food, clothing, shelter, or medical treatment or a child is permitted to live in an environment when such deprivation or environment causes the child's physical, mental, or emotional health to be significantly impaired or to be in danger of being significantly impaired. . . . Neglect of a child includes acts or omissions. (Emphasis added).
[3] Pursuant to the dependency statute, "harm" to a child exists where a parent "[e]xposes a child to a controlled substance." § 39.01(31)(g), Fla. Stat. (2007). In the present context, "[e]xposure to a controlled substance or alcohol is established by . . . [c]ontinued chronic and severe use of a controlled substance or alcohol by a parent when the child is demonstrably adversely affected by such usage." § 39.01(31)(g)2., Fla. Stat. (2007).
[4] The only evidence of harm to any of the children is that A.F. was born cocaine-positive; however, that harm is attributable to the mother, and not the father, as the department failed to make the requisite showing that the father failed to protect A.F. Additionally, the disputed fact that the father failed to purchase a crib or a car seat for A.F., even if true, is not indicative of harm to a child.