NORTHCUTT, Judge.
J.Z. appeals an order that adjudicated two of his children dependent. We find no merit either in his argument that the adjudication was unsupported by competent, substantial evidence or in his claim that the circuit court abused its discretion by limiting J.Z.’s contact with the children pending some progress with his case plan tasks. Nevertheless, we must reverse the dependency order because the court failed to make the required findings.
When entering a dependency order, a circuit court is required by statute and rule to recite the facts that support the adjudication. § 39.507(6), Fla. Stat. (2011) (requiring the court to enter an order “briefly stating the facts upon which the [dependency] finding is made”); Fla. R. Juv. P. 8.332(a) (requiring the court to enter an order “specifying the facts upon which the finding of dependency is based”); see Ware v. In re J.N.M., So.2d 716 (Fla. 2d DCA 1994) (reversing dependency order that failed to include supporting facts; remanding for a new hearing because the original judge was no longer sitting on the circuit court).
This case is somewhat unusual in that the order purports to contain factual findings, but they are merely a verbatim repetition of the allegations in the dependency petition filed by the Department of Children and Family Services. The testimony at the dependency hearing confirmed some of those allegations — enough to support the dependency adjudication — but not others. Some of the order’s factual findings purport to reflect testimony of witnesses who did not even testify at the hearing. This simple parroting of the dependency petition, including allegations that were not even addressed at the hearing, creates “an appearance that the judgment does not reflect the judge’s independent decision-making.” See M.D. v. Dep’t of Children & *978 Family Servs., 924 So.2d 827, 831 (Fla. 2d DCA 2005).
Moreover, written findings facilitate meaningful appellate review. J.C.G. v. Dep’t of Children & Families, 780 So.2d 965, 966 (Fla. 5th DCA 2001). Where it is possible to do so, however, we may review a dependency adjudication notwithstanding that the order is deficient, in order to provide an early resolution of a child’s placement. Fitzpatrick v. State, Dep’t of Health & Rehabilitative Servs., 515 So.2d 319, 321 (Fla. 3d DCA 1987) (remanding for factual findings where court had not previously stated any findings, the record was unclear on the legal basis for dependency, and the department failed to file a brief on appeal). In this case, we have a complete record and transcript, including oral findings announced by the court at the conclusion of the hearing. Having reviewed the evidence and the court’s oral findings, we conclude that the evidence was sufficient to support the dependency adjudication.
But the oral findings do not cure the defective order. See A.F. v. Dep’t of Children & Family Servs., 86 So.3d 1144, 1146 n. 1 (Fla. 3d DCA 2012) (reversing deficient order when trial court made no specific findings but simply alluded to testimony and evidence was conflicting) (Shepherd, J., concurring specially) (“In a dependency case, oral findings in the record may not be relied upon to cure an otherwise defective written order.”); E.B. v. Dep’t of Children & Families, 54 So.3d 1090, 1090 n. 1 (Fla. 4th DCA 2011) (rejecting guardian ad litem’s suggestion that reversal was unnecessary when trial court made oral findings). This is because the required findings serve important purposes aside from appellate review.
The findings are useful to help parents, counselors, and [Department] representatives understand what the court found to be the reasons for dependency and to plan for remedial action. Furthermore, section 39.408(3) [now section 39.521(1) ] requires the court to review the order of adjudication to determine whether “the facts alleged in the petition for dependency were proven in the adjudicatory hearing....” It is also useful to the court to remind itself why it ruled as it did if it is later necessary to consider whether the adjudication of dependency should be dissolved; written findings of fact might permit the court to reach a decision without having to review the record and attempt to recall how the adjudication decision was made. The findings will also aid a successor judge who must determine the reasoning of a predecessor who is no longer in office ....
J.C.G., 780 So.2d at 966-67 (quoting Williams v. Dep’t of Health & Rehabilitative Servs., 568 So.2d 995, 997 (Fla. 5th DCA 1990)).
Indeed, dependency order findings are not merely useful or convenient; they can prove critical to future determinations in the case. Thus, for example, a case plan is required to contain “[a] description of the identified problem being addressed, including the parent’s behavior or acts resulting in risk to the child and the reason for the intervention by the department.” § 39.6011(2)(a). When called upon to approve a case plan, the court must determine “[w]hether the plan is meaningful and designed to address facts and circumstances upon which the court based the finding of dependency.” § 39.603(l)(f). Later, the court’s determination whether there has been “substantial compliance” with the case plan will turn on whether “the circumstances which caused the creation of the case plan have been significantly remedied.” § 39.01(73); cf. N.F. v. Dep’t of Children & Family Servs., 82 *979 So.3d 1188, 1192-93 (Fla. 2d DCA 2012) (reversing termination of parental rights, in part because trial court failed to focus on circumstances that caused creation of case plan).
For these reasons, the inclusion of an unwarranted finding in a dependency order could have an enormous impact on the rights of the parents and the welfare of their children. Courts are duty-bound to ensure that their dependency orders reflect only facts proved by competent, substantial evidence presented at the dependency hearing, and no more.
Although we have been aided by the court’s oral findings and are thus able to conclude that the evidence was sufficient to support the dependency adjudication, we reverse and remand for entry of an order that states only facts that were supported by evidence at the hearing and that were relied upon by the court when adjudicating the children dependent.
Affirmed in part, reversed in part, and remanded.
WALLACE, J., Concurs.
KELLY, J., Dissents with opinion.