KELLY,
Dissenting.
I would affirm the adjudication of dependency because I believe that the order on appeal is salvageable and that, as the majority has explained, the evidence was more than sufficient to support it. See Williams v. Dep’t of Health & Rehabilitative Servs., 568 So.2d 995, 997 (Fla. 5th DCA 1990) (explaining that reversal was necessary because the order contained no factual findings and could not be salvaged as it was “difficult, if not impossible, to review the basis upon which the trial court arrived at its determination of dependency in the absence of those [factual] findings”); Castellanos v. Dep’t of Health & Rehabilitative Servs., 545 So.2d 455, 458 (Fla. 3d DCA 1989) (finding no merit to contention that the trial court’s order did not state the facts upon which the finding of dependency was based even though the order “largely tracked the factual allegations of the dependency petition” because “the trial court obviously found that these facts had been established at trial”); Fitzpatrick v. State, Dep’t of Health & Rehabilitative Servs., 515 So.2d 319, 320-21 (Fla. 3d DCA 1987) (explaining that an appellate court may review a facially insufficient dependency order to provide an early resolution of a child’s placement if the record supports the dependency, but declining to review the appealed order and instead remanding for factual findings where the court was “unable to evaluate the merits” of the appellant’s claim because neither the record, the petition, nor the order revealed the theory upon which the dependency was predicated).