DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**M.P.**, the father,
Appellant,

v.

**DEPARTMENT OF CHILDREN AND FAMILIES,**
Appellee.

No. 4D14-3439

[ March 11, 2015 ]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; James Martz, Judge; L.T. Case No. 2014DP300225-JO.

Antony P. Ryan, Regional Counsel, Office of Criminal Conflict and Civil Regional Counsel, Fourth District, and Paulina Forrest, Assistant Regional Counsel, West Palm Beach, for appellant.

Rosemarie Farrell, Orlando, for appellee.

TAYLOR, J.

The father, M.P., appeals an Order of Adjudication of Dependency and an Order of Disposition and Case Plan Approval. This court has jurisdiction. *See* Fla. R. App. P. 9.146(b) & 9.030(b)(1)(A). We affirm the adjudication of dependency, but remand for the trial court to strike certain unsupported findings from the orders on appeal. We also reverse for the trial court to strike the task of random drug testing from the father's case plan, as there was no showing of good cause for a substance abuse evaluation of the father.

The father and the mother have four minor children, born between 2007 and 2012. The father and mother live separately, but have an ongoing history of domestic violence between them. The children were in the mother's custody at all relevant times.

In March 2014, the children were sheltered due to allegations that they were abused, neglected, or abandoned, or were in imminent danger of illness or injury as a result of abuse, neglect, or abandonment. The shelter petition alleged in relevant part that the mother abused drugs, exposed

the children to domestic violence with her boyfriend, and burned the finger of one of her children. As to the father, the shelter petition alleged in relevant part that he had minimal contact with the children and failed to protect them from the mother's actions, even though he knew about the mother's drug abuse and her violent relationship with her boyfriend.

The Department filed a verified dependency petition against both parents, alleging the same facts as the shelter petition. The mother consented to the adjudication of dependency. The father denied the allegations and went to trial. Following trial, the court rendered the dependency order and the disposition order. This appeal ensued.

On appeal, appellant first argues that competent substantial evidence does not exist to support the findings in paragraph H of the trial court's orders of disposition and adjudication. We agree.

Paragraph H, which was included as a factual basis for the dependency, was taken verbatim from the "prior history" summaries of call-out investigations that were set forth in the dependency petition. The adjudication of dependency as a whole was supported by competent substantial evidence, but paragraph H consisted almost entirely of uncorroborated abuse reports that were never proven at trial. Therefore, we affirm the adjudication of dependency, but remand with instructions for the trial court to strike paragraph H from both orders on appeal. *See In re C.Z.*, 106 So. 3d 976, 979 (Fla. 2d DCA 2013) ("Courts are duty-bound to ensure that their dependency orders reflect only facts proved by competent, substantial evidence presented at the dependency hearing, and no more.").

The father next argues that it was improper to order him to submit to random drug screens as part of his case plan.[1] On this record, we are compelled to agree.

A court may order a parent to submit to a mental or physical examination in circumstances where (1) the parent has requested custody of the child, (2) the parent's mental or physical condition is in controversy, and (3) good cause has been shown to require the examination. *See S.N.*

---

[1] In the second issue on appeal, the father seeks to invoke certiorari jurisdiction to challenge the case plan's requirement that he undergo random drug screening. In our view, we already have appellate jurisdiction over the disposition order. Nonetheless, there is support in the case law for challenging case plan tasks in a disposition order via certiorari jurisdiction. *See In re S.M.*, 136 So. 3d 1271 (Fla. 2d DCA 2014).

*v. State Dep't of Health & Rehabilitative Servs.*, 529 So. 2d 1156, 1159 (Fla. 1st DCA 1988); § 39.407(15), Fla. Stat. (2014) ("At any time after the filing of a shelter petition or petition for dependency, when the mental or physical condition . . . of a parent, caregiver, legal custodian, or other person who has custody or is requesting custody of a child is in controversy, the court may order the person to submit to a physical or mental examination by a qualified professional. The order may be made only upon good cause shown . . . ."); § 39.407(16), Fla. Stat. (2014) ("At any time after a shelter petition or petition for dependency is filed, the court may order a person who has custody or is requesting custody of the child to submit to a substance abuse assessment or evaluation. . . . The order may be made only upon good cause shown."); Fla. R. Juv. P. 8.250(b) (2014) (a court may, on its own motion, order a person requesting custody to submit to a substance abuse evaluation only on good cause shown and after notice to the person to be examined).

A case plan must contain a "description of the identified problem being addressed, including the parent's behavior or acts resulting in risk to the child and the reason for the intervention by the department." § 39.6011(2)(a), Fla. Stat. (2014). A case plan must also be designed to improve the conditions in the home and must be the least intrusive possible into the life of the parent and child. § 39.6012(1)(a), Fla. Stat. (2014). Furthermore, before accepting a case plan submitted by the Department, the court must consider "[w]hether the plan is meaningful and designed to address facts and circumstances upon which the court based the finding of dependency in involuntary placements . . . ." § 39.603(1)(f), Fla. Stat. (2014).

"Generic case plans that do not consider the needs and circumstances of the individual family violate these statutory directives, as does a case plan for one parent that simply mirrors the case plan for the other without considering each parent's individual circumstances." *In re G.S.*, 84 So. 3d 1231, 1233 (Fla. 2d DCA 2012). Thus, a case plan that does not meaningfully address the facts and circumstances that resulted in the adjudication of dependency violates section 39.603(1)(f), Florida Statutes. *Id.* at 1232.

For example, in *G.S.*, the Second District held that case plan tasks requiring the mother to participate in domestic violence counseling, prescription drug monitoring, and parenting classes violated statutory directives and were improperly included in the mother's case plan, as they were not meaningfully designed to address the issue that resulted in the child's removal from the home. *Id.* at 1233. Even though the trial court ordered these tasks for the father (who had an alleged history of drug

abuse and physical and mental abuse), the Second District reversed the trial court's acceptance of the case plan for the mother and remanded "for the Department to prepare an amended case plan containing tasks for the Mother that are designed to address only the facts and circumstances giving rise to [the child's] adjudication of dependency as to her." *Id.* at 1232-33.

Here, the father sought custody, and the dependency petition's allegation concerning the father's criminal history of drug possession was sufficient to place the issue of the father's substance use in controversy. However, we find that there was no showing of good cause for a substance abuse evaluation of the father, nor was there any showing that a substance abuse evaluation would meaningfully address the facts and circumstances which resulted in the adjudication of dependency *as to the father.*

There was absolutely no evidence presented at trial that the father abused drugs.[2]  There was also no evidence presented at trial regarding the father's alleged arrest for possession of drugs.  The trial court's statement that drug testing was appropriate due to "the allegation of drug use all around" does not satisfy the "good cause" standard.  A case plan for one parent cannot simply mirror "the case plan for the other without considering each parent's individual circumstances."  *Id.* at 1233.  Although there was evidence that the father failed to protect the children from the mother's drug use and neglect, the Department presented no evidence that the dependency resulted from any substance abuse problem on the part of the father.

Accordingly, we reverse and remand for the trial court to strike the task of random drug testing from the father's case plan.  We emphasize, however, that upon a showing of good cause, the case plan may be amended to require a substance abuse evaluation of the father should the need arise.  *See In re S.M.*, 136 So. 3d 1271, 1271 (Fla. 2d DCA 2014) ("[W]e grant the petition for writ of certiorari in part, quashing the disposition order to the extent that it requires the Father and the Mother to submit to substance abuse evaluations as part of the case plan.  We note that the case plan may . . . be amended pursuant to section 39.6013 and Florida Rule of Juvenile Procedure 8.420 should the need arise.").

---

[2] Moreover, contrary to the Department's suggestion, no adverse inference can be made on this issue as a result of the father's invocation of his Fifth Amendment rights.  When the father asserted his Fifth Amendment rights at trial, it concerned questioning regarding domestic violence issues, not whether the father had a substance abuse problem.

*Affirmed in part, Reversed in part, and Remanded.*

STEVENSON and CIKLIN, JJ., concur.

\*          \*          \*

**Not final until disposition of timely filed motion for rehearing.**