NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

| | |
|---|---|
| In the Interest of L.D.J., a child. | ) |
| ——————————————— | ) |
| | ) |
| M.W., | ) |
| | ) |
|       Appellant, | ) |
| | ) |
| v. | )    Case No. 2D18-378 |
| | ) |
| DEPARTMENT OF CHILDREN and | ) |
| FAMILIES and GUARDIAN AD LITEM | ) |
| PROGRAM, | ) |
| | ) |
|       Appellees. | ) |
| ——————————————— | ) |

Opinion filed September 14, 2018.

Appeal from the Circuit Court for
Polk County; Wm. Bruce Smith, Judge.

Ita M. Neymotin, Regional Counsel,
Fort Myers, and Joseph Thye
Sexton, Assistant Regional Counsel,
Office of Criminal Conflict and Civil
Regional Counsel, Bartow, for
Appellant.

Stephanie C. Zimmerman of Children's
Legal Services, Bradenton, for Appellee
Department of Children and Families.

Thomasina Moore and Sara Elizabeth
Goldfarb of Guardian ad Litem Program,
Sanford; and Karla D. Ellis of Law Office
of Karla D. Ellis, Tallahassee, for
Appellee Guardian Ad Litem Program.

CASANUEVA, Judge.

M.W. (the Mother) appeals the trial court's order adjudicating her daughter L.D.J. (the Child) dependent. We affirm the court's ultimate adjudication of dependency because its finding regarding the Mother's substance abuse was supported by competent substantial evidence. However, we accept the Appellees' concession that the court's conclusory findings were inadequate, and we agree with the Mother that the court lacked competent substantial evidence to find that her mental health presents a prospective risk of abuse or neglect. We therefore reverse in part and remand for correction of the order with respect to those two matters.

In its order adjudicating the Child dependent, which was entered after an adjudicatory hearing, the trial court found that "[t]he mother has issues with substance abuse, stability and mental health which if le[f]t unaddressed would place the child at harm." Those were the court's sole findings regarding the grounds for the adjudication. The Mother appeals that order, arguing that the court's findings were conclusory and inadequate and that the court lacked competent substantial evidence to adjudicate the Child dependent on the mental health and substance abuse grounds.

"We review a dependency adjudication for an abuse of discretion. We will uphold the ruling if the circuit court applied the correct law and its findings are supported by competent substantial evidence." R.M. v. Dep't of Children & Family Servs., 40 So. 3d 917, 917–18 (Fla. 2d DCA 2010) (citing C.J. v. Dep't of Children & Family Servs., 9 So. 3d 750, 754 (Fla. 2d DCA 2009)).

On the first issue, the Department of Children and Families and the Guardian ad Litem Program concede that the court's findings were insufficient. As we

explained more fully in J.Z. v. Department of Children & Family Services, 106 So. 3d 976, 978 (Fla. 2d DCA 2013), detailed findings are important in dependency cases because they allow for meaningful appellate review, they "help parents, counselors, and [Department] representatives understand what the court found to be the reasons for dependency and to plan for remedial action," and they "can prove critical to future determinations in the case." Id. (quoting J.C.G. v. Dep't of Children & Families, 780 So. 2d 965, 967 (Fla. 5th DCA 2001)) (alteration in original). The court's order in this case was insufficient to serve those purposes; it did not provide the statutory basis for the findings nor did it provide any evidence supporting the findings, leaving the parties and this court in the dark regarding the specific basis for the adjudication. Accordingly, we reverse on this issue and remand for the court to provide more detailed findings.

Despite the insufficiency of the court's order, due to the time-sensitive nature of dependency cases, we have proceeded to consider the Mother's challenges to the substance of the court's dependency adjudication. We agree with the Mother that the court lacked competent substantial evidence to adjudicate the Child dependent based on the Mother's alleged mental health issues. "Prospective risk of abuse, abandonment, or neglect may be found where a parent has an untreated mental health disorder . . . [that] may cause the parent to act in a manner that harms the child." D.A. v. Dep't of Children & Family Servs., 84 So. 3d 1136, 1139 (Fla. 3d DCA 2012). But "[a]bsent a sufficient nexus between a psychiatric disorder and the likelihood that a parent will substantially impair the [child's] physical, mental, or emotional health, . . . an adjudication of dependency cannot stand." B.D. v. Dep't of Children & Families, 797

So. 2d 1261, 1264 (Fla. 1st DCA 2001) (citing E.M.A. v. Dep't of Children & Families, 795 So. 2d 183 (Fla. 1st DCA 2001)).

In this case, the only evidence concerning the Mother's mental health was her own testimony that she had been diagnosed at some unstated point in time as having anxiety and depression. There was no testimony presented from any experts who examined the Mother, nor was there any testimony presented from any witness establishing that the Mother's mental health issues affect her ability to care for the Child. The simple fact of a diagnosis without any evidence of a nexus between the diagnosis and a risk of harm to a child is insufficient to support an adjudication of dependency. Cf. D.A., 84 So. 3d at 1139 (affirming adjudication of dependency when there was expert testimony establishing that the father's mental health disorders affected his decision-making and had caused him to endanger his child in the past); S.S. v. Dep't of Children & Families, 81 So. 3d 618, 623 (Fla. 1st DCA 2012) (reversing adjudication of dependency when "there was no expert testimony describing the disorder or establishing how it could result in harm to the children" and "the Mother testified that she [was] undergoing therapy for the problem and [did] not cut herself in front of the children"). Thus, the court lacked competent substantial evidence to conclude that the Mother has a mental health issue that poses a prospective risk of abuse or neglect, and the court's finding on this issue must be reversed.

While we reverse on those two issues, we affirm the court's finding that the Mother's substance abuse poses a prospective risk of abuse or neglect. "[A] parent's addictions can support a finding of prospective abuse or neglect sufficient to support an adjudication of dependency if the evidence establishes that the addiction will

affect a parent's ability to provide and care for his or her child." B.C. v. Dep't of Children & Families, 846 So. 2d 1273, 1275 (Fla. 4th DCA 2003). "In determining whether a substance abuse problem is 'ongoing,' and constitutes a present threat, a factor to consider is the proximity in time between an alleged act of drug use and the dependency proceeding." M.F. v. Dep't of Children & Families, 975 So. 2d 622, 625 (Fla. 4th DCA 2008). And recent failed drug tests are sufficient to establish a parent's present substance abuse. See id. at 626. In this case, the Mother received three "therapeutic," or default, positive tests in the months leading up to the adjudicatory hearing as a result of her failure to submit to court-ordered drug tests, and there was no evidence that she ever produced a negative test. As a result, there was competent substantial evidence establishing the Mother's ongoing, present substance abuse.

After establishing present substance abuse, the Department was also required to show that the substance abuse will affect the Mother's ability to care for the Child. See B.C., 846 So. 2d at 1275. On that point, testimony established that the Mother had taken Percocet one to five hours before embarking with the Child on a midnight road trip to Alabama and that she was visibly under the influence when law enforcement and a Department case worker met with her that evening. The combination of the therapeutic-positive drug screens and testimony showing her endangerment of the Child was sufficient to allow the court to find that her substance abuse will affect her ability to care for the Child. We therefore conclude that the court's finding regarding the Mother's substance abuse was supported by competent substantial evidence.

Accordingly, we affirm the portion of the trial court's order that adjudicates the Child dependent based on the Mother's substance abuse and stability (the latter of which the Mother did not challenge on appeal). We reverse the portion of the order concerning the Mother's mental health. Finally, we remand for the trial court to strike the mental health finding and to make additional findings of fact regarding the Mother's substance abuse and stability.

Affirmed in part, reversed in part, and remanded with instructions.

KELLY and ATKINSON, JJ., Concur.