NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

In the Interest of S.S. and H.S., children.   )
_____ )
                                      )
M.S.,                                 )
                                      )
            Appellant,                )
                                      )
v.                                    )          Case No. 2D19-1989
                                      )
DEPARTMENT OF CHILDREN AND            )
FAMILIES and GUARDIAN AD LITEM        )
PROGRAM,                              )
                                      )
            Appellees.                )
_____ )

Opinion filed November 22, 2019.

Appeal from the Circuit Court for Collier
County; Christine Greider, Judge.

Toni A. Butler of Alderuccio & Butler,
LLC, Naples, for Appellant.

Meredith K. Hall of Children's Legal
Services, Bradenton, for Appellee
Department of Children and Families.

Thomasina F. Moore, Statewide Director
of Appeals, and Sara Elizabeth Goldfarb,
Senior Attorney, Statewide Guardian ad
Litem Office, Tallahassee, for Appellee
Guardian ad Litem Program.

SLEET, Judge.

M.S. (the Father) challenges the trial court's order adjudicating minor children S.S. and H.S. dependent based on findings as to both the Father and E.S. (the Mother).[1]  The Father argues that the adjudication of dependency is not supported by competent substantial evidence as to him.  We agree and reverse.

On the morning of January 20, 2019, and in response to emergency calls placed by the Mother, a corporal with the Collier County Sheriff's Office contacted the parents at a local gas station.  The Father told the corporal that his neighbor was stalking his family and that the neighbor was surreptitiously surveilling them with drones and holograms.  The Father further claimed that the neighbor was mysteriously moving the trees in the family's yard.  Fearing that without intervention the parents might be a harm to themselves or their children, law enforcement on the scene determined that the parents needed to be evaluated and observed under the Baker Act.[2]  The corporal later testified at the adjudicatory hearing that while he was at the scene the children appeared to be calm, clean, and well-fed.  There were no objective signs of abuse.

As the parents were being placed in separate patrol cars, a child protective investigator (CPI) arrived.  The Father repeated his concerns about the neighbor to the CPI.  The Father also claimed that he was being set up and that his detention was part of a conspiracy.  The Department of Children and Families (the

[1]The Mother's separate appeal of the order adjudicating the children dependent is currently pending before this court.  See E.S. v. Dep't of Children & Families, No. 2D19-1897.

[2]See §§ 394.451–.47892, Fla. Stat. (2018).

- 2 -

Department) sheltered the children from the parents due to mental health and substance abuse concerns and filed a single petition for dependency as to both parents. The petition alleged that the children were dependent due to prospective abuse and prospective neglect.

At the adjudicatory hearing on the petition for dependency, the Department attempted to present evidence of the parents' alleged substance abuse through drug test results obtained at various facilities. In each instance, the trial court sustained hearsay objections. Accordingly, no evidence of substance abuse was admitted, and we cannot speculate what other evidence was available to the Department. On the Department's concession that its evidence was insufficient to establish substance abuse, the trial court properly rejected that as a basis for finding the children dependent.

As a result, the trial court granted the petition for dependency on mental health grounds alone. The Department introduced evidence that both parents reported to the Sheriff's corporal and the CPI concerns over holograms, magnets moving items around their home, and the children's faces appearing to be distorted. In its order adjudicating the children dependent, the trial court stated that these particular concerns, "although bizarre, [were] not [themselves] sufficient to support a determination that a parent suffers from mental health problems that would pose a threat of abuse, neglect, or harm to the children." However, the trial court noted that "neither parent recalled these observations or statements at trial" and concluded that such inability was "sufficient to support a finding that the children were exposed to imminent neglect on January 20, 2019." The trial court then explained that "the findings that support an

adjudication of dependency relate specifically to statements that the parents made regarding a potential medical emergency to the children (that their faces were distorted) and their inability to recall either their observations or statements that they made to law enforcement regarding their observation."

On appeal, the Father argues that the trial court's determination of dependency is not supported by the evidence. We agree. Due to the Department's failure of proof, we must reverse. See § 39.507(1)(b), Fla. Stat. (2018) ("[A] preponderance of the evidence will be required to establish the state of dependency."); R.F. v. Dep't of Children & Families, 770 So. 2d 1189, 1192 (Fla. 2000) ("A court's final ruling of dependency is a mixed question of law and fact and will be sustained on review if the court applied the correct law and its ruling is supported by competent substantial evidence in the record.").

The definition of a dependent child includes a child who is "at substantial risk of imminent abuse, abandonment, or neglect by the parent or parents." § 39.01(15)(f). Abuse is defined in part as "any willful act or threatened act that . . . is likely to cause the child's physical, mental, or emotional health to be significantly impaired." § 39.01(2). Neglect occurs when

> a child is deprived of, or is allowed to be deprived of, necessary food, clothing, shelter, or medical treatment or a child is permitted to live in an environment when such deprivation or environment causes the child's physical, mental, or emotional health to be significantly impaired or to be in danger of being significantly impaired.

§ 39.01(50).

> "Prospective risk of abuse, abandonment, or neglect may be found where a parent has an untreated mental health disorder . . . [that] may cause the parent to act in a manner

that harms the child."  But "[a]bsent a sufficient nexus between a psychiatric disorder and the likelihood that a parent will substantially impair the [child's] physical, mental, or emotional health, . . . an adjudication of dependency cannot stand."

M.W. v. Dep't of Children & Families, 254 So. 3d 645, 648 (Fla. 2d DCA 2018) (alterations in original) (citations omitted) (first quoting D.A. v. Dep't of Children & Family Servs., 84 So. 3d 1136, 139 (Fla. 3d DCA 2012), then quoting B.D. v. Dep't of Children & Families, 795 So. 2d 183 (Fla. 1st DCA 2001)).

The Department failed to carry its burden in showing a nexus between the mental health issues of the Father and any prospective harm to the children.  Although it was undisputed that the Father had been "Baker Acted," no evidence was introduced concerning whether he was diagnosed with a mental health disorder that might pose a risk of future abuse or neglect of the children as opposed to this being an isolated incident by which the risk of future abuse or neglect could not be predicted.  Moreover, even if the parents' inability to recall their prior statements to law enforcement was sufficient to support a finding of dependency based on mental health issues, the record is devoid of evidence to support such a finding as to the Father.  While the trial court ascribed its findings to the parents as a unit, there is no showing that the Father had an inability to recall his prior observations or statements.

Because there was a lack of competent substantial evidence to find that the Father's mental health presented a prospective risk of abuse or neglect, we reverse the trial court's order of dependency as to the Father.

Reversed.

CASANUEVA and LUCAS, JJ., Concur.