DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**O.M.,** the father,
Appellant,

v.

**DEPARTMENT OF CHILDREN AND FAMILIES** and
**GUARDIAN AD LITEM,**
Appellees.

No. 4D2023-3046

[May 22, 2024]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Yael Gamm, Judge; L.T. Case No. 23-001805-DP.

Kevin G. Thomas, Sunny Isles Beach, for appellant.

Carolyn Schwarz of Children's Legal Services, Fort Lauderdale, for appellee, Department of Children and Families.

Sara Elizabeth Goldfarb, Statewide Director of Appeals, and Sarah Todd Weitz, Statewide Director of Appeals, Statewide Guardian ad Litem Office, Tallahassee, for appellee, Guardian ad Litem.

KLINGENSMITH, C.J.

The father appeals an order of dependency. The Department of Children and Families ("DCF") initiated these proceedings after the child was born drug-positive, suffering from severe withdrawal symptoms.

The mother consented to dependency, and the circuit court adjudicated the child dependent as to the father following a bench trial, finding (1) the father had failed to protect the child from the mother's substance abuse while pregnant, and (2) the father's own drug use posed a substantial risk of imminent harm or neglect to the child. Because competent substantial evidence does not support a dependency adjudication on the grounds cited by the trial court, we reverse.

A final ruling of dependency "is a mixed question of law and fact and will be sustained on review if the court applied the correct law and its

ruling is supported by competent substantial evidence in the record." *C.A. v. Dep't of Child. & Fams.*, 958 So. 2d 554, 557 (Fla. 4th DCA 2007) (quoting *R.S. v. Dep't of Child. & Fams.*, 881 So. 2d 1130, 1132 (Fla. 4th DCA 2004)).

In dependency cases, DCF carries the burden to prove that a child is dependent by a preponderance of the evidence. § 39.507(1)(b), Fla. Stat. (2023). A child may be declared dependent when the court finds that the child has been "abandoned, abused, or neglected by the child's parent or parents," or the child is "at substantial risk of imminent abuse, abandonment, or neglect." § 39.01(14)(a), (f), Fla. Stat. (2023).

To the extent "the evidence is conflicting or turns on credibility of the witnesses, all credence and presumption of correctness must be given to the trial court." *C.A.*, 958 So. 2d at 557 (quoting *F.R. v. Dep't of Child. & Fams.*, 826 So. 2d 449, 450 (Fla. 5th DCA 2002)). "While a trial court's discretion in child welfare proceedings is very broad, reversal is required where the evidence is legally insufficient" to sustain the court's findings. *Id.* (quoting *R.S.*, 881 So. 2d at 1132).

## I. The evidence is insufficient to prove that the father failed to protect the child from the mother's substance abuse.

To support a finding that the father neglected the child by failing to protect the child from the mother's drug abuse during pregnancy, DCF carried the burden to prove that the father (1) knew or should have known about the mother's drug use while pregnant, and (2) was capable of preventing the child's exposure but failed to do so. *See M.F. v. Dep't of Child. & Fams.*, 975 So. 2d 622, 624 (Fla. 4th DCA 2008); *C.A.*, 958 So. 2d at 560.

The facts of this case are similar to our decisions in *M.F.* and *C.A.*, where we held that DCF failed to prove each father's knowledge of the mother's substance abuse.

In *M.F.*, after one of the parents' multiple children was born cocaine-positive, DCF sought a dependency adjudication as to the father, alleging in part that he failed to protect the child from the mother's drug abuse. *M.F.*, 975 So. 2d at 623. The father admitted that he was present in the home on a regular basis but testified that he did not know the mother was using drugs while pregnant. *Id.* at 624. The trial court discredited the father's testimony and found that he knew the mother was using drugs. *Id.*

2

On appeal, we reversed the order of dependency, finding the evidence was legally insufficient to prove the father's knowledge of the mother's drug use. *Id.* We explained our reasoning, in pertinent part, as follows:

> [T]he department did not put forth any evidence to counter the father's testimony that he did not know the mother was using drugs while pregnant. The father's testimony that he was present in the home on a regular basis may raise an inference of knowledge but does not contradict his testimony that he did not know the mother was using cocaine while pregnant.

*Id.*

In *C.A.*, after the mother suffered a drug overdose in front of the child, DCF petitioned for a dependency adjudication as to the father, alleging he failed to protect the child from the mother's substance abuse. *C.A.*, 958 So. 2d at 556-57. The evidence at trial showed that, during the case investigation, the father admitted he had done drugs with the mother in the past. *Id.* at 557. However, the father testified he did not know the mother continued to abuse drugs. *Id.* at 558. Like in *M.F.*, the trial court rejected the father's testimony, finding he knew or should have known of the mother's substance abuse. *Id.* Again, we reversed that finding because DCF presented no evidence to contradict the father's testimony that he did not know the mother still used drugs. *Id.* at 560.

In the present case, as in *M.F.* and *C.A.*, DCF failed to prove the father had knowledge of the mother's substance abuse. The father admitted that he lived with the mother "on and off" for nearly two years before the child's birth, that he was financially responsible for the mother, and that the mother had a habit of leaving the home after arguments. However, those facts are insufficient to prove that he knew or should have known the mother used drugs while pregnant. *See M.F.*, 975 So. 2d at 624; *C.A.*, 958 So. 2d at 560.

Further, the child protective investigator ("CPI")—the only witness whom DCF called at trial—testified the father had denied knowledge of the mother's drug use when she had interviewed him at the hospital after the child's birth. The father told the CPI he was not aware the mother had been using drugs, he did not know how she obtained drugs, he did not understand why the child was receiving medical treatment, and he did not know the child had been exposed to drugs.

Accordingly, the record evidence in this case is legally insufficient to support the trial court's finding that the father knew or should have known

3

of the mother's drug use while pregnant, and, by extension, that he failed to protect the child.

## II. The evidence is legally insufficient to support a finding that the father's own substance abuse posed a substantial risk of imminent harm to the child.

To support a dependency adjudication on the alternative basis that the father's own drug use posed a substantial risk of imminent harm or neglect to the child, DCF was required to prove that (1) the father has an ongoing substance abuse problem, (2) his substance abuse adversely affected his ability to care for the child, and (3) the child suffered harm or injury—physical, mental or emotional—as a consequence of the father's drug use. *See M.F.*, 975 So. 2d at 625 (first citing *C.A.*, 958 So. 2d at 560-61; and then citing *R.S.*, 881 So. 2d at 1134).

In determining whether a parent's drug abuse problem is "ongoing," courts consider "the proximity in time between an alleged act of drug use and the dependency proceeding." *Id.* (first citing *J.B.M. v. Dep't of Child. & Fams.*, 870 So. 2d 946, 949 (Fla. 1st DCA 2004); and then citing *R.S.*, 881 So. 2d at 1134).

In this case, the father admitted that he regularly used edible marijuana without a prescription before the child's birth. The father also tested positive for cocaine and THC only a short time before the dependency hearing. He initially contested the positive test result for cocaine, but he then called the CPI to explain how he may have been exposed to that substance.

Taken together, that evidence supports a finding that the father has an "ongoing" substance abuse problem. *Compare R.S.,* 881 So. 2d at 1134 (holding DCF failed to demonstrate the father had an "ongoing" drug abuse problem where he last used drugs over a year before the dependency hearing); *with M.F.*, 975 So. 2d at 626 (holding the father's recent positive test for cocaine established his present drug use).

However, "evidence that the parent has a drug or alcohol problem, *standing alone*, is insufficient to support a finding of dependency." *C.A.*, 958 So. 2d at 560 (emphasis added) (quoting *J.B.M.*, 870 So. 2d at 951). Rather, DCF must also prove that the parent's drug use poses a "substantial" risk of "imminent" harm to the child. *M.F.*, 975 So. 2d at 625 (citing *C.A.*, 958 So. 2d at 560-61). Although the child need not be present for the parent's drug use, "the totality of the circumstances must show an imminent risk of harm." *Id.* (citing *C.A.*, 958 So. 2d at 560-61). A parent's

4

drug use is harmful if it is "chronic and severe," and the child is "demonstrably adversely affected." *C.A.*, 958 So. 2d at 559 (quoting *T.G. v. Dep't of Child. & Fams.*, 927 So. 2d 104, 106-07 (Fla. 1st DCA 2006)); *accord* § 39.01(34)(g)2., Fla. Stat. (2022).

Here, DCF produced no evidence that the father's drug use adversely affects his ability to care for the child, or that the child has suffered harm or injury because of his drug use.

Our holding in *M.F.* is equally instructive on this point. There, in addition to alleging that the father had failed to protect his daughter from the mother's substance abuse, DCF also alleged that the father's own drug use posed a substantial risk of imminent harm to his children. *M.F.*, 975 So. 2d at 623. DCF presented evidence that the father had previously been arrested on drug possession charges and had recently tested positive for cocaine. *Id.* at 625-26. Further, the parties disputed whether the father had failed to purchase supplies for the daughter before her birth. *Id.* at 626 n.4. The trial court granted the dependency petition. *Id.* at 624.

We reversed, holding the evidence could not support a finding that the father's drug use placed the children at substantial risk of imminent harm or neglect because the only evidence of harm—that the daughter was born cocaine-positive—was attributable only to the mother. *Id.* at 626 n.4. Further, the father's failure to purchase supplies for the daughter, even if true, was not indicative of harm to a child. *Id.*

In this case, like in *M.F.*, the trial court apparently concluded that the father's drug use posed a substantial risk of imminent harm to the child because she was born drug-positive, and the father failed to obtain adequate baby supplies ahead of her birth.

However, because the evidence is insufficient to prove that the father knew or should have known about the mother's drug use, the severe harm that the child suffered by being born drug-positive is attributable only to the mother. *See id.*; *see also C.A.*, 958 So. 2d at 559 (holding that, although the mother's drug overdose adversely affected the child, DCF failed to prove the child was affected by any alleged drug use on the part of the father).

Additionally, even accepting the trial court's finding that the father had failed to purchase adequate supplies ahead of the child's birth, that fact is not indicative of harm or neglect to the child in the legal sense. *See M.F.*, 975 So. 2d at 626 n.4. Further, although the trial court apparently reasoned that the father's drug use poses a prospective risk of harm

5

because he continues to live with the mother, that fact alone does not meaningfully distinguish the present case.

DCF otherwise produced no evidence that the father's drug use affects his ability to care for the child, or that the child has suffered harm or injury because of his drug use. The CPI readily acknowledged that she saw the father at the hospital "several times," and he never appeared to be under the influence of any substance. The CPI also recognized she had received no evidence that the father is a "chronic" drug user, or that his drug use would affect his ability to care for a child. Therefore, the record in this case cannot support a finding that the father's own drug use posed a substantial risk of imminent harm to the child.

Because the evidence is legally insufficient to support a dependency adjudication as to the father on either ground cited by the trial court, we reverse the order of dependency.

*Reversed.*

WARNER and KUNTZ, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***